IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LATU HAMPTON,

       Plaintiff,      OPINION AND ORDER

v.

                  19-cv-1004-wmc

CHRYSTAL MELI,
MARY MOORE,
BRIAN TAPLIN and
ROBERT J. MARTIN,

       Defendants.

---

  Plaintiff Latu Hampton, an inmate at Fox Lake Correctional Institution ("Fox Lake"), is proceeding in this civil action under 42 U.S.C. § 1983, for events that occurred in 2019 when he was previously incarcerated at Waupun Correctional Institution ("Waupun"). The court granted Hampton leave to proceed against current or former Waupun employees Chrystal Meli, Mary Moore, Brian Taplin and Robert Martin, on Eighth Amendment deliberate indifference claims for failing to ensure that Hampton was placed on a lower tier while he was using crutches. Defendants Meli, Moore and Taplin are represented together by the Attorney General of Wisconsin ("State defendants"), and defendant Martin is represented separately. Now before the court is the State defendants' unopposed motion to transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1404 (dkt. #24), and Hampton's motion for assistance in recruiting counsel (dkt. #23). Since the State defendants' motion is unopposed and a transfer serves the parties, witnesses and the interest of justice, the court will grant the State defendants' motion and

transfer this case, and will further deny Hampton's motion for assistance in recruiting counsel, without prejudice to his renewing it in the Eastern District of Wisconsin.

OPINION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue of this case would have been proper in the Eastern District of Wisconsin, since the events comprising Hampton's claims occurred at Waupun, which lies in the Eastern District of Wisconsin. The convenience inquiry focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The events comprising Hampton's claim arose at Waupun; Hampton currently is incarcerated at Fox Lake, which also lies within the Eastern District of Wisconsin; and the State defendants represent that each of them (Meli, Moore and Taplin) do not reside within this district, nor did they reside within this district at the time Hampton filed his complaint (*see* dkt. #25, ¶¶3-4); and it is likely that any witnesses reside in or near the Eastern District. Defendant Martin has not responded to the State defendants' motion, nor has he objected, and the court notes that Martin does not reside in this district court. (*See* dkt. #27.) Moreover, Hampton's submissions do not suggest that he would oppose the transfer, and the court cannot conceive how it would be more convenient for him to litigate this case in this court. Therefore, the court agrees that the Eastern District is the more convenient forum for this case.

2
Case 2:22-cv-00401-JPS   Filed 03/30/22   Page 2 of 5   Document 32

As for the interest of justice, this inquiry "relates to the efficient administration of the court system," in particular focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. This factor is neutral or weighs slightly in favor of transfer, since this court and the Eastern District of Wisconsin are equally equipped to address the substance of Hampton's claims, and the community in the Eastern District may have a greater interest in resolving matters involving Waupun Correctional Institution. Therefore, the court concludes that transfer of this case to the Eastern District of Wisconsin is warranted under § 1404(a).

In addition to the State defendants' motion to transfer, Hampton has also filed a request for appointment of counsel, in which he states that he had difficulty understanding the State defendants' answer to his complaint and is unsure how this case should proceed. Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g., Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico."). Hampton is proceeding *in forma pauperis*, so he is eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). This court typically requires litigants in Hampton's situation to provide evidence of their efforts to recruit counsel on their own, either by submitting letters from at least three attorneys declining to represent them, or, if they have received no responses, by submitting a declaration signed under penalty of perjury detailing who they have written to, when they wrote the letters, and that they received no response. Hampton should use the resources available at Fox Lake to reach out to potential attorneys, and if those efforts are unsuccessful, he may renew his motion in the Eastern District of Wisconsin.

In renewing his motion, in addition to showing his efforts to retain counsel on his own, Hampton should be aware that to grant his request, the court must be persuaded that "the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Therefore, Hampton should do his best to describe in detail the challenges litigating this case presents for him, as clearly and precisely as possible, understanding that both this court and the Eastern District of Wisconsin recruit counsel in very limited circumstances, and typically do not do so at the early stages of lawsuits.

ORDER

IT IS ORDERED that:

1) Defendant's motion to transfer (dkt. #24) is GRANTED.

2) Plaintiff Latu Hampton's motion for assistance in recruiting counsel (dkt. #23) is DENIED without prejudice.

3) Pursuant to 28 U.S.C. § 1404(a), this case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 30th day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5
Case 2:22-cv-00401-JPS   Filed 03/30/22   Page 5 of 5   Document 32